[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
STATEMENT OF THE CASE
In a two-count complaint, the plaintiff-homeowner seeks damages from the defendant-contractor, claiming a breach of contract and a per se violation of the Connecticut Unfair Trade Practices Act (CUTPA), C.G.S. § 42-110.
The source of the dispute is an alleged oral contract between the parties whereby the defendant was to build an addition to the plaintiff's residence.
There appears to be no dispute that this work constituted a home improvement contract under § 20-419 of the general statutes. And, since it was not in writing, it lacked the remaining requirement of home improvement contracts under § 20-419 — there were no starting and completion dates, it was not signed, it lacked a cancellation notice and there could be no completed copy to give the homeowner.
These parties were friends and had dealt with each other as owner and builder on a prior occasion. On that occasion, their "deal" included some barter aspect in that the owner would provide disc jockey services to the owner.
The defendant at all times acted by and through Scott Mason, its sole limited member. Questioned as to whether he was aware of the requirements of § 20-419, he said he was but didn't feel this transaction was really a business deal, but an arrangement between friends.
 DISCUSSION I
The major difficulty this case presents is the total lack of any CT Page 4408 writing, sketch, or even oral statements of the parties to enable the court to ascertain what work was contemplated.
The plaintiff has offered evidence of additional expenses he has incurred for the purchase of materials and labor. On the other hand, he has a new roof and new siding for his house, both features having longer life spans than the ones they replaced.
While the plaintiff has conceded the defendant a credit for the roof, the allocation he proposes (a 50-50 split) sums generous to himself.
The defendant also claimed the plaintiff sold the replaced siding so that the cost of the re-siding claimed by the plaintiff should be reduced.
The plaintiff's claim for the expenditure of $738.29 for materials, over and above the "contract" decided on by the parties, is questioned by the defendant as involving items they did not contemplate.
In brief, the court feels the plaintiff's claim invites too many questions and has not been proven. However, the defendant has admitted that he left some work undone and the plaintiff's carpenter testified on this subject.
It is therefore the decision of the court that the plaintiff recover of the defendant the sum of $6,121.00 including $2,455.00 for carpentry and $3,666.00 for siding.
 II
In view of the circumstances surrounding this transaction recited above, the court will not award punitive damages.
 III
The court will hear the parties on motion as to counsel fees, unless counsel can agree.
 Anthony V. DeMayo Judge Trial Referee
CT Page 4409